**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Adv. P. No.: 10-80016-dd

ORDER DENYING DISCHARGE

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**03/17/2010**



_____
US Bankruptcy Court Judge
District of South Carolina

Entered: 03/17/2010

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Charles E. Riley,<br><br>　　　　　　　　　　Debtor. | Case No. 09-04740-dd<br>Chapter 7 |
| W. Clarkson McDow, Jr., United States Trustee for Region Four,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Charles E. Riley,<br><br>　　　　　　　　　　Defendant. | Adv. P. No. 10-80016-dd |

**ORDER DENYING DISCHARGE**

　　　　This adversary proceeding comes before the Court on the Complaint of the United States Trustee (the UST) pursuant to 11 U.S.C. § 727 seeking to deny the debtor's discharge.[1]  Jurisdiction for this proceeding is premised upon 28 U.S.C. §§ 1334(a, b), 157(a).  This adversary proceeding is a core proceeding.  28 U.S.C. § 157(b)(2)(J).

　　　　This proceeding arises under Title 11 U.S.C. and arises in and relates to the chapter 7 bankruptcy case of *In re Charles E. Riley,* case no. 09-04740-dd, pending before the Court.  Venue of this proceeding appropriately exists in this district.  28 U.S.C. § 1409(a).   The UST

---

[1] Further reference to Title 11 U.S.C. § 101, *et seq.* will be by section number only.

has the authority to bring this action pursuant to his statutory authority as set forth at 28 U.S.C. § 586.

The UST filed the Complaint on January 28, 2010. The defendant, Charles E. Riley (also referred to herein as the debtor), was served with copies of the Summons and Complaint on January 29, 2010, sent by First-Class United States Mail with return address clearly shown to the debtor's address listed in the bankruptcy petition. The debtor did not file an answer or a motion or otherwise respond to the complaint. The thirty-five day period for the United States and its agencies to answer does not apply in this adversary proceeding. The normal thirty-day period for answering applies to the defendant. The last day for the defendant to answer or respond timely to the Complaint was March 1, 2010. The Court did not set a different time for responding to the Complaint. The defendant is in default pursuant to Fed. R. Bankr. P. 7055.

## FINDINGS

Based upon the defendant's default to the Complaint, the Court makes the following findings:

1. W. Clarkson McDow is the United States Trustee for Region Four and the plaintiff in this adversary proceeding (the plaintiff).

2. Charles E. Riley is domiciled in the State of South Carolina. Mr. Riley is the debtor in this chapter 7 bankruptcy case pending before this Court, case no. 09-04740-dd.

3. The UST has timely filed this complaint within the time for the UST to object to the debtor's discharge.

4. The debtor filed a voluntary petition for chapter13 relief on June 29, 2009, initiating the present bankruptcy case. The case was converted to one under chapter 7 upon the motion of the chapter 13 trustee. The case was converted on December 14, 2009.

5. On the date that the debtor filed for bankruptcy relief, he filed under penalty of perjury Schedules and a Statement of Financial Affairs (SOFA).

6. On Schedule B, the debtor stated he had $100,000 in a Bank of America account, household furniture worth $4,500, clothing worth $500, no interest in any business, and only one vehicle, a 2002 Dodge Caravan Wagon.

7. The assets listed and the values attributed thereto by the debtor on Schedule B were false.

8. The debtor established a certificate of deposit with Bank of America before filing for bankruptcy relief in the amount of $136,750.

9. The debtor testified at a 2004 examination on January 4, 2010 that the values for his household furniture and clothing were understated. The debtor testified his clothing was worth $20,000 to $30,000. The debtor testified he had multiple computers, a 50" television, a Sony home theater sound system and other furniture located at the place he is renting. The debtor also testified he was driving a 2008 Lexus on which he had made all the payments since its purchase in February 2008, that he maintained the insurance on the vehicle and paid the personal property taxes, and that he did not list the 2008 Lexus on Schedule B because it was titled in a friend's name. He also testified to businesses in which he had an interest which were not disclosed on Schedule B.

10. The debtor was required to disclose the 2008 Lexus, the truthful value of the assets listed on Schedule B and the assets he failed to disclose. The debtor did not disclose this information until he was questioned specifically by the UST at the 2004 examination on January 4, 2010. The debtor has not amended his Schedules and SOFA to cure any of the deficiencies to which he testified.

11. The debtor testified at the 2004 examination and at a hearing before the Court on December 14, 2009 that he could not provide the name of an individual to whom he gave $90,000 in cash and he could not, or did not, account for $152,250 missing from a $289,000 check he deposited in Bank of America on or about May 12, 2009.

12. The debtor testified at the 2004 examination that in 2007 he received a check for $189,000 from Nationwide Insurance for the contents of his house which burned in 2007. He also received approximately $1,900 per month for loss of use until November 2008 (Loss of Use Funds).

13. The Loss of Use Funds are not disclosed on the debtor's SOFA in this bankruptcy case.

14. The debtor, with the intent to defraud the Court, the trustee, creditors, and other parties in interest, or, with reckless disregard for the truth, failed to disclose the information listed and discussed above.

15. The debtor knew or should have known that all of information listed and discussed above should have been disclosed to the Court.

16. The debtor knew or should have known that the representations he made in his schedules and statements regarding the information listed and discussed above were false.

17. The debtor's false statements and misrepresentations of fact were material.

18. The debtor knew that his representations were false, or, he recklessly disregarded the truth or falsity of his representations.

19. The debtor intended that the false representations that he made be relied upon by the Court, the trustee, creditors, and other parties in interest in this bankruptcy case. These parties relied, or had a right to rely upon the debtor's representations, and these parties were unaware of the falsity of these representations at the time of the filing of the bankruptcy case.

20. The debtor's bankruptcy estate, the trustee, and bankruptcy estate creditors suffered harm and injury as a result of the debtor's false representations.

## **CONCLUSIONS OF LAW**

Section 727 governs the granting of a chapter 7 discharge. Based on the facts of this case as determined by the defendant's default to the complaint, the Court makes the following conclusions.

The defendant, with the intent to hinder, delay, or defraud a creditor or officer of the estate charged with custody of property under 11 U.S.C., concealed property of his bankruptcy estate after the date of the filing of the petition in this case in violation of § 727(a)(2)(B). The defendant has improperly refused to provide the trustee and UST with sufficient information to identify and to locate the person to whom the defendant claims he gave $90,000 in cash, or account for the $152,250 missing in the three months prior to this bankruptcy case in violation of § 727(a)(4)(D), to adequately explain the loss of such property in violation of § 727(a)(5), and to maintain adequate records relating thereto in violation of § 727(a)(3). The Court further concludes that the defendant knowingly and fraudulently, in and in connection with his

bankruptcy case, made a false oath or account when he failed to reveal or disclose in his sworn schedules, statement of financial affairs, and other documents filed with the Court the 2008 Lexus, the additional $36,750 in the Bank of America certificate of deposit and the value of his assets.  § 727(a)(4)(A).

Any of the violations discussed would be sufficient ground to deny the defendant's discharge.  Therefore, it is

ORDERED, ADJUDGED, AND DECREED, that the defendant's discharge should be and hereby is denied.